|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| FREDERICK BANKS,<br><br>        Plaintiff,<br><br>   v.<br><br>ADRIAN ROE, et al.,<br><br>        Defendants. | CASE NO. 3:17-CV-05555-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 1, 2017 |

Plaintiff Frederick Banks, proceeding *pro se*, filed a "Complaint and for a Writ of Mandamus" ("Complaint") in this Court on July 13, 2017. *See* Dkt. 1. Because Plaintiff resides in Ohio and his claims arise out of conduct that occurred in the Western District of Pennsylvania, the Court recommends this case be dismissed without prejudice.

**BACKGROUND**

Plaintiff, who is currently incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio, filed the Complaint alleging his criminal case in Western District of Pennsylvania has been delayed. Dkt. 1-1. Plaintiff contends Defendants have delayed Plaintiff's

criminal trial by asserting his is mentally ill. *Id*. Plaintiff seeks monetary damages and seeks a writ of mandamus against the judge presiding over his criminal case. *Id*.

The Court has not ordered the Clerk's Office to attempt service of process and Defendants have not appeared in this action. *See* Docket. The Court also notes Plaintiff has filed numerous lawsuits throughout the United States raising similar allegations. *See Banks v. Roe, et al.*, Case No: 5:17-CV-153-C (N.D. Tex. July 24, 2017).

**DISCUSSION**

Venue may be raised by the Court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear from Plaintiff's Complaint his claims arise out of conduct occurring in the Western District of Pennsylvania. *See* Dkt. 1-1. Plaintiff states this case is related to the criminal case pending in the Western District of Pennsylvania and the named Defendants are related to his criminal case. *Id*. Plaintiff has not named any Defendants who appear to be located in the Western District of Washington. Therefore, the Court concludes venue is improper.

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). The Court has reviewed Plaintiff's cases filed in other jurisdictions and determined Plaintiff has filed numerous cases related to conduct arising out of his Western District of Pennsylvania criminal case. Several of these cases have been transferred to the Western District of Pennsylvania. As such, the Court finds the interests of justice do not require transferring yet another case alleging Plaintiff's criminal case is being delayed unconstitutionally and seeking a writ of mandamus against the trial judge. Accordingly, the Court recommends this case be dismissed without prejudice

**CONCLUSION**

In conclusion, the Court finds venue is improper and the interests of justice do not require transferring this case. Therefore, the Court recommends this case be dismissed without prejudice and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 1, 2017, as noted in the caption.

Dated this 15th day of August, 2017.

David W. Christel
United States Magistrate Judge